512 N.W.2d 441 (1994)
In the Interest of T.M., a Child.
James T. ODEGARD, State's Attorney, Petitioner and Appellee,
v.
T.M., a Child, Respondent and Appellant,
K.O., Mother, State Industrial School, Custodian, Respondents.
Civ. No. 930249.
Supreme Court of North Dakota.
February 23, 1994.
Joel F. Arnason of Arnason Law Office, Grand Forks, guardian ad litem for respondent and appellant.
*442 Sonja Clapp, Asst. State's Atty., Grand Forks, for petitioner and appellee.
SANDSTROM, Justice.
T.M. appeals from a juvenile court order transferring jurisdiction to district court for prosecution of felony terrorizing charges. We affirm.
T.M. has a lengthy juvenile court record. On March 24, 1993, Judge Lawrence Jahnke committed T.M. again to the State Industrial School after T.M. had stabbed a person in the ribcage, and assaulted a boy and three girls at a school he did not attend. As T.M. was being led from court he threatened to kill Judge Jahnke, Assistant State's Attorney Damon Anderson, and Juvenile Services Director Dennis Herbeck.
A petition was filed alleging T.M. is a delinquent child because of the terrorizing threats. The State asked for transfer of jurisdiction to district court. After hearing, District Judge Joel Medd, acting in juvenile court, made the required findings and transferred jurisdiction. T.M. appeals contending "the court erred in finding that reasonable grounds existed to conclude that T.M. was not amenable to treatment or rehabilitation as a juvenile through available programs [and] that he was not treatable in an institution for the mentally retarded or mentally ill warranting the transfer of jurisdiction ... from the juvenile court."

I
Terrorizing is a class C felony under N.D.C.C. § 12.1-17-04, and therefore a delinquent act under N.D.C.C. § 27-20-02(3). The juvenile court had jurisdiction over the proceedings under N.D.C.C. § 27-20-03, and authority to order removal from juvenile court under N.D.C.C. § 27-20-34. We have jurisdiction to hear this appeal under N.D.C.C. § 27-20-56(1).
Our standard of review is similar to a trial de novo. In Interest of M.D.N., 493 N.W.2d 680, 683-84 (N.D.1992); In Interest of J.K.S., 321 N.W.2d 491, 492-93 (N.D.1982). "The appeal must be heard ... upon the files, records, and minutes or transcript of the evidence of the juvenile court, giving appreciable weight to the findings of the juvenile court." N.D.C.C. § 27-20-56(1). "Our review is not limited to a determination of whether or not the juvenile court's findings are clearly erroneous...." J.K.S. at 492.
Transfer of a juvenile to adult court is governed by N.D.C.C. § 27-20-34, which states in part:
"Transfer to other courts.

"1. After a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense under the laws, including local ordinances or resolutions of this state, the court before hearing the petition on its merits may transfer the offense for prosecution to the appropriate court having jurisdiction of the offense if:
* * * * * *
b. (1) The child was fourteen or more years of age at the time of the alleged conduct;
(2) A hearing on whether the transfer should be made is held in conformity with sections 27-20-24, 27-20-26, and 27-20-27;
(3) Notice in writing of the time, place, and purpose of the hearing is given to the child and his parents, guardian, or other custodian at least three days before the hearing; and
(4) The court finds that there are reasonable grounds to believe that:
(a) The child committed the delinquent act alleged;
(b) The child is not amenable to treatment or rehabilitation as a juvenile through available programs;
(c) The child is not treatable in an institution for the mentally retarded or mentally ill;
(d) The interests of the community require that the child be placed under the legal restraint or discipline; and
(e) If the child is fourteen or fifteen years old, the child committed a delinquent act involving the infliction or threat of serious bodily harm."
*443 N.D.C.C. § 27-20-34(1)(b)(4) sets "reasonable grounds" as the standard for waiver of jurisdiction and transfer of the offense from juvenile court. "Reasonable grounds" is equivalent to "probable cause." M.D.N. at 684; see also, Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). "Probable cause is a minimal burden of proof.... [I]f it appears to be so or there is a definite probability based on substantial evidence, the standard of probable cause has been met." M.D.N. The State has the burden of persuasion. M.D.N.; In Interest of A.D.L., 301 N.W.2d 380, 383 (N.D. 1981).

II
T.M. concedes reasonable grounds exist to find he committed the delinquent act alleged. T.M., however, contends reasonable grounds do not exist for finding he was not amenable to treatment, he was not treatable in an institution for the mentally retarded or mentally ill, and the interests of the community require him to be transferred. The State contends, and the juvenile court found, all of the elements of N.D.C.C. § 27-20-34 are met in this case.

A
The legislature has not set comprehensive guidelines for deciding amenability to treatment. In M.D.N., this Court outlined factors to assess if a juvenile is amenable to treatment: (1) age; (2) mental capacity; (3) maturity; (4) degree of criminal sophistication exhibited; (5) previous record; (6) success or failure of any previous attempts by the juvenile court to rehabilitate; (7) whether the juvenile can be rehabilitated prior to expiration of juvenile court jurisdiction; (8) any psychological, probation or institutional reports; (9) the nature and circumstances of the acts for which the transfer is sought; and (10) any other relevant factors. M.D.N. at 685-86.
T.M. is now seventeen years of age. He is charged with Terrorizing, a class C felony. The juvenile court would most likely send him to the State Industrial School. He could stay there until he is eighteen, when he would be transferred to an adult facility. N.D.C.C. § 12-46-13. The juvenile court could, however, maintain control over him until he is twenty. T.M.'s security risk classification greatly exceeds the Industrial School's permissible rating.
The record supports finding T.M. has a lengthy record, multiple episodes of violence with threats of further violence, a hostile and noncooperative attitude, and previous commitments to the Industrial School without successful rehabilitation. The juvenile court properly found T.M. is not amendable to treatment or rehabilitation as a juvenile through available programs.

B
Testimony presented established T.M. is not treatable as a juvenile in an institution for the mentally retarded or mentally ill, particularly the State Hospital.

C
The evidence presented of T.M.'s assaultive and threatening conduct support finding the interests of the community require him to be transferred.

III
Based on the files, records, and transcript of the evidence of the juvenile court, giving appreciable weight to the findings of the juvenile court, we conclude the State has met its burden of persuasion. The order of the juvenile court is affirmed.
VANDE WALLE, C.J., and MESCHKE, LEVINE and NEUMANN, JJ., concur.